## CARR v. SHIELDS.

### (Circuit Court, S. D. New York. October 29, 1903.)

**1. MASTER AND SERVANT—PERSONAL INJURIES—NEGLIGENCE OF FELLOW SERVANT—NEW YORK STATUTE.**

New York Laws 1902, p. 1748, c. 600, giving an action to an employé the same as if he had not been employed, in cases where he is injured by defects in the ways, works, or machinery due to the negligence of the employer or one intrusted by him with supervision, or by reason of the negligence of a superintendent, does not confer a right to recovery for the negligence of an ordinary fellow servant in failing to warn the plaintiff of the lowering of a "scale," by which he was injured.

**2. SAME—COMMON-LAW DOCTRINE.**

A servant cannot recover at common law for an injury inflicted by the negligence of a fellow servant.

**3. SAME—GENERAL ALLEGATION—EFFECT.**

The allegation in a servant's complaint for injuries that they were caused "without fault, neglect, or want of due care on his part, but solely and only through the fault and neglect of the defendant, his agents, servants, and employés," is too general to amount to an allegation of an act of negligence.

Charles J. Hardy, for plaintiff.
Henry L. Twichell, for defendant.

WALLACE, Circuit Judge. The complaint does not allege that the personal injuries of the plaintiff were caused by "any defect in the condition of the ways, works, or machinery connected with or used in the business" of his employer, or by reason of the negligence of any superintendent, regular or temporary, of his employer, but it sets forth in detail all the facts which enter into the cause of the action. From this detailed statement it is manifest that the plaintiff was injured by the lowering of a "scale" while he was beneath it by two of his co-employés, and because one of them (the signalman) did not give notice to him of the descending scale.

Plainly, the statute of New York of 1902 (Laws 1902, p. 1748, c. 600), to "extend and regulate the liability of employers to make compensation for personal injuries suffered by employés," does not give a cause of action to the plaintiff; and it is equally plain that for an injury so received, occurring by reason of the negligence of a fellow servant, he has no cause of action at common law unless his employer had not exercised reasonable care of selection—a fact not alleged in this case.

¶ 2. See Master and Servant, vol. 34, Cent. Dig. § 352.

The demurrer is well taken, unless a general statement made after the particular statement of facts is to be read as alleging some additional act of negligence. This statement is that the injuries aforesaid were caused to plaintiff "without fault, neglect, or want of due care on his part, but solely and only through the fault and neglect of the defendant, his agents, servants, and employés."

It would give this statement a strained and unreasonable meaning to interpret it as is urged in behalf of the plaintiff.

The demurrer is sustained, with costs.